# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALAN PEARSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2875-SS** |
| **JANET NAPOLITANO,**<br>**SECRETARY, DEPARTMENT OF**<br>**HOMELAND SECURITY** | |

## ORDER AND REASONS

Before the Court is the motion of the United States of America on behalf of Janet Napolitano, Secretary, Department of Homeland Security ("DHS"), to dismiss for lack of subject matter jurisdiction. For the reasons described below the motion is granted.

## PROCEDURAL BACKGROUND

On November 1, 2010, the plaintiff, Alan Pearson ("Pearson"), filed a complaint for employment discrimination under Title VII, 42 U.S.C. §2000e. He alleged that: (1) he was employed by the Federal Emergency Management Agency ("FEMA") in Gulfport, Mississippi; (2) the discriminatory acts occurred on September 28, 2007 and December 27, 2007 through February 28, 2008; (3) he filed charges with the Alternative Dispute Resolution Department/Equal Opportunity Office of DHS ("ADR/EEO") on December 28, 2007 but received no response; (4) he filed charges with ADR/EEO by telephone voice mails on January 14, 2008, February 11, 2008, and March 10, 2008; and (5) he sent emails on June 1 and 2, 2010. Rec. doc. 6.

Pearson is proceeding in proper person and in forma pauperis. Rec. doc. 3. His request for appointment of counsel was denied. Rec. doc. 4. The parties consented to proceed before the assigned Magistrate Judge. Rec. doc. 18.

After the United States filed its motion to dismiss for lack of subject matter jurisdiction, Pearson requested that the Court issue a restraining order to prevent a trial attorney in the FEMA office of chief counsel from physically harming him.  Rec. doc. 19.  On February 11, 2011, he submitted a request for all records of communications between the U.S. Attorney and the FEMA trial attorney.  Rec. doc. 20.  On February 15, 2011, the requests for a restraining order and an order requiring production of the communications were denied.  Rec. doc. 21.  On February 23, 2011, he filed a further similar request for a restraining order.  Rec. doc. 31.

Pearson filed an opposition to the motion to dismiss and the United States filed a reply.  Rec. docs. 22 and 25.  On March 28, 2011, he filed an appeal from the order granting the United States leave to file a reply.  Rec. doc. 26.  On June 8, 2011, the Fifth Circuit found that it had no jurisdiction over the appeal because the order was not a final or otherwise appealable order.  Rec. doc. 29.  On October 3, 2011, the United States Supreme Court denied his petition for writ of certiorari.  Rec. doc. 30.

## STATEMENT OF FACTS

FEMA hired Pearson on September 4, 2007, as a 2-year CORE Housing Advisor at FEMA's Mississippi Recovery Office ("MSRO") in Biloxi, MS.  Rec. doc. 6 at 7.  He received EEO training at FEMA's MSRO facility in Biloxi, Mississippi on September 5, 2007.  Rec. doc. 25 (Exhibit 1 - Declaration of Marvin Chapman).  EEO posters were posted at each entrance, bathroom and break facility at all of the MSRO facilities, including the MSRO main office in Biloxi, as well as the Recertification Office in Gulfport, Mississippi, which was a satellite office of the MSRO during the relevant time period. Id.

Pearson resigned from his position on February 29, 2008.  Rec. doc. 6 at 10.  He alleges that

FEMA discriminated against him on the basis of race (Caucasian) and sex (male) on two separate occasions: first, on December 27, 2007, when his work product was singled out by a FEMA supervisor as an example of incomplete data for housing recertification; and second, on February 29, 2008, when he was verbally reprimanded.  Id. at 8 and 10.  Almost two years after the first alleged incident of discrimination, he filed his EEO complaint on October 2, 2009 and alleged that FEMA discriminated against him on the basis of race and sex.  Id. at 11.  He alleged that his EEO complaint was timely because he sent a letter to Yolanda Woods, an Alternative Dispute Resolution ("ADR") advisor at the MSRO on March 10, 2008, requesting assistance in filing a dispute with the Office of Equal Rights after he received a verbal reprimand from his supervisor.  Id. at 10.  He further alleged that on March 12, 2008, Woods sent him an email responding to his letter, but allegedly included no instructions on filing an EEO complaint, so he "waited for the ADR professionals to investigate and reply."  Id. at 10-11.  He alleged that he waited until February 2009 to contact the ADR Office at FEMA's Headquarters in Washington, D.C. and ask for a status update regarding his complaint.  Id. at 11.  On March 23, 2009, Robert Scott, an ADR Attorney responded to his second inquiry and forwarded him information on filing a complaint with the EEOC.  Id.

On October 20, 2009, Pearson sent a letter to the Office of Equal Rights at FEMA's headquarters in Washington, D.C., regarding his complaint.  Id.  On March 26, 2010, the DHS Office for Civil Rights and Civil Liberties issued a Final Agency Decision dismissing his complaint pursuant to 29 C.F.R. § 1614.107(a) (2) because he failed to initiate contact with an EEO counselor within 45 days of the alleged discrimination event, as required by 29 C.F.R. 1614.105(a) (1).  Rec. doc. 16 (Exhibit 1).  On April 5, 2010, he appealed the Agency's dismissal of his discrimination complaint to the EEOC's Office of Federal Operations ("OFO").  Rec. doc. 6 at 13.  On August 20,

2010, the OFO sent him a letter denying his appeal.  Id. at 14. On August 30, 2010, he filed a

Request for Reconsideration of the OFO's denial of his appeal with the EEOC.  Id.

## APPLICABLE LAW

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court may

dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure

12(b)(1) on any one of three separate bases:   (1) the complaint alone; (2) the complaint

supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the Court's resolution of disputed facts.  Barrera-Montenegro v. United States,

74 F.3d 657, 659 (5th Cir. 1996).

As a prerequisite to filing a Title VII claim in federal court, an EEO complainant must:  (1)

timely file suit as required by Title VII and (2) first have exhausted his administrative remedies.

Tolbert v. United States, 916 F.2d 245 (5th Cir. 1990) (per curiam).  The EEO regulations require

aggrieved persons to initiate contact with an EEO Counselor within 45 days of the matter alleged

to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the

action. 29 C.F.R. § 105(a) (1).  The Agency must dismiss all complaints that fail to comply with the

applicable time limits.  29 C.F.R. § 1614.107(a) (2).

Federal courts have dismissed civil actions brought by federal EEO complainants for lack

of jurisdiction where the complainants failed to satisfy the EEO's 45 day requirement, absent a

defense of waiver, estoppel, or equitable tolling.  Nealon v. Stone, 958 F. 2d 584, 589 (4th Cir. 1992);

and Benford v. Frank, 943 F.2d 609 (6th Cir. 1991).

The Commission's regulations provide that an agency shall extend the time limits for

initiating contact with an EEO Counselor when an individual shows one of the following: (1) he was

4

not notified of the time limits and was not otherwise aware of them; (2) he did not know and reasonably should not have known that discrimination had occurred; (3) despite due diligence, he or she was prevented by circumstances beyond his or her control from contacting an EEO counselor within the time limits; or (4) for other reasons considered sufficient by the EEOC.  29 C.F.R. §1614.105(a)(2).

The 45-day requirement for a Federal employee to initiate contact with an EEO Counselor regarding allegations of discrimination is not waived or tolled because a complainant has pursued avenues other than the EEO process for resolving his complaints in the interim.  Federal courts have held that use of an alternative procedure or forum other than the EEOC to resolve or pursue remedies under Title VII does not toll the time limit for contacting an EEO counselor.  International Union of Electrical, Radio & Machine Workers, AFL-CIO, Local 790 v. Robbins & Myers Inc. et al., 429 U.S. 229, 97 S.Ct. 441 (1976) ("Local 790").

## ARGUMENTS OF THE PARTIES

The United States contends that: (1) Pearson failed to timely contact an EEO Officer; (2) he did not initiate contact with FEMA's Equal Rights Office regarding his complaints of alleged discrimination until May 19, 2009, more than a year after the last alleged discriminatory event; (3) his contact with the ADR Program does waive or toll the requirement that he contact the EEO officer within 45 days of the alleged discrimination; (4) FEMA's ADR Program is a separate and distinct dispute resolution forum from the EEO process; (5) he cannot demonstrate that he had no knowledge of the EEOC's requirement that employees must contact an EEO counselor within 45 days of the alleged discriminatory act; (6) the record demonstrates that he received training on FEMA's EEO procedures and policies on October 5, 2007, shortly after he began working for FEMA; (7) this

5

training included a discussion on the 45-day requirement for initiating contact with an EEO counselor; and (8) he cannot demonstrate that he lacked knowledge or notice of FEMA's EEO policies, including the 45-day requirement for initiating contact with an EEO counselor.

Pearson responds that: (1) he did not receive adequate training in the complaint procedures; (2) the United States has not presented evidence that he received the required training or that information on complaint procedures was displayed; and (3) he was not made aware of his right to choose between the ADR and EEO counseling.

### ANALYSIS

The United States provided a declaration from Marvin Chapman, an EEO Specialists for MSRO.  He declared that:

> I directed a review of training on EEO rights and processes received by Alan Pearson at FEMA's MSRO facility at Biloxi, MS from September 2007-March, 2009.  Based on a review of the EEO's records and my current knowledge, I have determined that ALAN PEARSON received EEO training at FEMA's MSRO facility in Biloxi, MS on September 5, 2007.  I have also determined that EEO posters were posted at each entrance, bathroom, and break facility at all of the facilities of the MSRO, including the MSRO main office in Biloxi, as well as the Recertification office in Gulfport, MS, which was a satellite office of the MSRO during this period.

Rec. doc. 25 (Exhibit 1).  The record demonstrates that Pearson was trained in EEO procedures and he was on notice of the need to contact an EEO office within 45 days of the matter alleged to be discriminatory.  The alleged discriminatory acts occurred on September 28, 2007 and December 27, 2007 through February 28, 2008.  At the latest Pearson was required to contact an EEO office by April 13, 2008.  Pearson did not file his EEO complaint until October 2, 2009.  The 45-day requirement was not waived or tolled because Pearson filed charges with the ADR Department with DHS.  Local 790, 97 S.Ct. at 446-49.

IT IS ORDERED that: (1) the motion of the Department of Homeland Security to dismiss

for lack of jurisdiction (Rec. doc. 16) is GRANTED; and (2) Pearson's second motion for a restraining order (Rec. doc. 31) is DENIED.

New Orleans, Louisiana, this 8th day of March, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**